(34 Misc. Rep. 125.)

### HERZ v. HERZ.

(Supreme Court, Special Term. New York County. February, 1901.)

ANNULMENT OF MARRIAGE.
Promise of persons, in the presence of one who holds himself out as a minister, and who performs a ceremony of some kind, to take each other as husband and wife, followed by living together, is a legal marriage, authorizing the annulment of a second marriage by the wife in the lifetime of the other party.

Action by Abraham Herz against Nellie Herz to annul a marriage. Judgment for plaintiff.

Harold Swain, for plaintiff.

GILDERSLEEVE, J. Abraham Herz brings this action to annul his marriage to the defendant, Nellie Herz, on the ground that she had another husband living at the time of her marriage to the plaintiff. The defendant has not appeared in the action, but was called as a witness on the trial. The plaintiff swears that he was married to the defendant on the 11th of March, 1899. The defendant testifies as follows, viz.:

"Q. Were you married to one William De Mont? A. I was supposed to be; I don't know for a fact whether it was legal or not. Q. When was it? A. Supposed to be February 14th. Q. What year? A. 1895. Q. Where were you married? A. New York City. Q. After that did you live and cohabit with him for a time as husband and wife? A. Not very long. Q. For how long? A. About a month or two months. Q. Then did he leave you or you leave him? A. I left him. Q. You say you don't know whether it was a marriage or not. Why do you doubt that? A. Because I have not seen any legal papers. Q. Do you know who performed the ceremony? A. I understand his name was Cotter, but I don't know who he is. I never saw him before. Q. Was he a minister? A. I could not tell you. Q. Did he pretend to be a minister? A. He pretended to be. Q. And, so far as you were concerned, you entered into the marriage in absolute good faith? You supposed

he was a minister? A. I supposed it; yes. Q. And he performed some kind of ceremony? A. Yes. Q. And after that you lived with this William De Mont for some short time? A. Yes. Q. A month or two? A. Yes. Q. Did you promise to be the wife of William De Mont in the presence of this man you supposed to be a minister? A. Yes. Q. And he promised to be your husband? A. Yes. Q. And you went through what you understood to be the ordinary ceremony of marriage? A. Yes. Q. When did you last see William De Mont? A. It is now five years ago."

Joseph P. Lattimer is then called to the stand, and testifies that he has known the plaintiff for about ten years, and the defendant about five years. He swears he also knows William De Mont, and saw him about five months ago, when he had some conversation with the said De Mont. He is then examined as follows, viz.:.

"Q. Did you know that De Mont was married to this Nellie, the defendant? A. I heard so. Q. They went by that reputation? A. They went around as man and wife; yes."

This is all the evidence as to the marriage between the defendant and William De Mont. No documentary proof of the marriage is given, nor any testimony as to the profession of the person who performed the ceremony, beyond the statement of the defendant that "he pretended to be a minister." However, assuming that there was not a religious marriage, the evidence is quite sufficient to sustain a finding that there was a "common-law marriage" between William De Mont and the defendant. There was an interchange between them of a mutual present consent, per verba de præsenti, to take each other as husband and wife, which interchange took place in the presence of one who at least held himself out as a minister and who performed a marriage ceremony. This was followed by cohabitation as man and wife for a period of one or two months. Under these circumstances, I have no hesitation in holding that a legal marriage between De Mont and the defendant existed at the time of the marriage of the defendant to the plaintiff. The marriage of De Mont to the defendant took place on February 14, 1895; the defendant's marriage to the plaintiff took place March 11, 1899. De Mont was alive certainly as late as five months ago, and there is no pretense of a divorce between De Mont and defendant or of an annulment of their marriage. It is very clear, therefore, that the plaintiff herein is entitled to a decree annulling his marriage to the defendant.

Judgment for plaintiff.